

# Notice of Service of Process

**Primary Contact:**   Sharon Brooks - MS 08-A
The Travelers Companies, Inc.
One Tower Square
Rm 8MS
Hartford, CT 06183-0001

| | |
|---|---|
| **Entity:** | Travelers Property Casualty Company of America<br>Entity ID Number  2317459 |
| **Entity Served:** | Travelers Property Casualty Company of America |
| **Title of Action:** | Rooftop Restoration & Exteriors Inc vs. Travelers property Casualty Company of America |
| **Matter Name/ID:** | Rooftop Restoration & Exteriors Inc vs. Travelers property Casualty Company of America (11447109) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Denver County District Court, CO |
| **Case/Reference No:** | 21CV031720 |
| **Jurisdiction Served:** | Colorado |
| **Date Served on CSC:** | 07/30/2021 |
| **Answer or Appearance Due:** | 21 days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Edward Levy<br>303-481-6352 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

**EXHIBIT**

**G**

RECEIVED / STAMPED
COLO OFFICE OF
ATTORNEY GENERAL

| | |
|---|---|
| **DISTRICT COURT, CITY AND COUNTY OF DENVER,**<br>**STATE OF COLORADO**<br>1437 Bannock Street<br>Denver, CO 80202<br><br>Plaintiff<br>Rooftop Restoration & Exteriors, Inc., a Colorado Corp.<br><br><br>v.<br><br>Defendant:<br>Travelers Property Casualty Company of America, a<br>Connecticut Corporation | <br><br><br><br><br><br><br><br>▲ COURT USE ONLY ▲ |
| Attorney:<br>Edward Levy, #36090<br>Atlas Law Firm, P.C.<br>One Cherry Center, Suite 1100<br>501 South Cherry Street<br>Denver, Colorado 80246<br>Phone: (303)-481-6352<br>E-mail: elevy@atlaslawpc.com | Case Number: 21CV031720<br><br><br><br><br><br>Courtroom: 209 |
| **DISTRICT COURT CIVIL SUMMONS** | |

## TO THE ABOVE-NAMED DEFENDANT:

Travelers Property Casualty Company of America, a Connecticut Corporation:

Registered Agent Division of Insurance, 1560 Broadway, Denver, CO 80202, United States

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court an answer or other response to the attached Complaint. If service of the Summons and Complaint was made upon you within the State of Colorado, you are required to file your answer or other response within 21 days after such service upon you. If service of the Summons and Complaint was made upon you outside of the State of Colorado, you are required to file your answer or other response within 35 days after such service upon you. Your answer or counterclaim must be accompanied with the applicable filing fee.

If you fail to file your answer or other response to the Complaint in writing within the applicable time period, the Court may enter judgment by default against you for the relief demanded in the Complaint without further notice.

JDF 600   R10-13   DISTRICT COURT CIVIL SUMMONS

Dated this 26th day of July, 2021.

ATLAS LAW FIRM, P.C.

Edward Levy, #36090
One Cherry Center, Suite 1100
501 South Cherry Street
Denver, Colorado 80246

This Summons is issued pursuant to Rule 4, C.R.C.P., as amended. A copy of the Complaint must be served with this Summons. This form should not be used where service by publication is desired.

WARNING: A valid summons may be issued by a lawyer and it need not contain a court case number, the signature of a court officer, or a court seal. The plaintiff has 14 days from the date this summons was served on you to file the case with the court. You are responsible for contacting the court to find out whether the case has been filed and obtain the case number. If the plaintiff files the case within this time, then you must respond as explained in this summons. If the plaintiff files more than 14 days after the date the summons was served on you, the case may be dismissed upon motion and you may be entitled to seek attorney's fees from the plaintiff.

TO THE CLERK: If the summons is issued by the clerk of the court, the signature block for the clerk or deputy should be provided by stamp, or typewriter, in the space to the left of the attorney's name.

JDF 600   R10-13   DISTRICT COURT CIVIL SUMMONS

☐ **FORM 1.2. DISTRICT COURT CIVIL (CV) CASE COVER SHEET FOR INITIAL PLEADING OF COMPLAINT, COUNTERCLAIM, CROSS-CLAIM OR THIRD PARTY COMPLAINT AND JURY DEMAND**

~~DATE FILED: May 28, 2021 1:08 PM~~
FILING ID: 83506ACB96269
CASE NUMBER: 2021CV31720

| | |
|---|---|
| DISTRICT COURT, CITY AND COUNTY OF DENVER, STATE OF COLORADO<br>1437 Bannock Street<br>Denver, CO 80202 | |
| Plaintiff<br>Rooftop Restoration & Exteriors, Inc., a Colorado Corp.<br><br>v.<br><br>Defendant:<br>Travelers Property Casualty Company of America, a Connecticut Corporation | ▲ COURT USE ONLY ▲ |
| Attorney:<br>Edward Levy, #36090<br>Atlas Law Firm, P.C.<br>One Cherry Center, Suite 1100<br>501 South Cherry Street<br>Denver, Colorado 80246<br>Phone: (303)-481-6352<br>E-mail: elevy@atlaslawpc.com | Case Number:<br><br><br><br>Courtroom: |

**DISTRICT COURT CIVIL (CV) CASE COVER SHEET FOR INITIAL PLEADING OF COMPLAINT, COUNTERCLAIM, CROSS-CLAIM OR THIRD PARTY COMPLAINT AND JURY DEMAND**

1. This cover sheet shall be filed with the initial pleading of a complaint, counterclaim, cross-claim or third party complaint in every district court civil (CV) case. It shall not be filed in Domestic Relations (DR), Probate (PR), Water (CW), Juvenile (JA, JR, JD, JV), or Mental Health (MH) cases. Failure to file this cover sheet is not a jurisdictional defect in the pleading but may result in a clerk's show cause order requiring its filing.

2. Simplified Procedure under C.R.C.P. 16.1 **applies** to this case **unless** (check one box below if this party asserts that C.R.C.P. 16.1 **does not** apply):

   ☐ This is a class action, forcible entry and detainer, Rule 106, Rule 120, or other similar expedited proceeding, **or**

☐ This party is seeking a monetary judgment against another party for more than $100,000.00, including any penalties or punitive damages, but excluding attorney fees, interest and costs, as supported by the following certification:

By my signature below and in compliance with C.R.C.P. 11, based upon information reasonably available to me at this time, I certify that the value of this party's claims against one of the other parties is reasonably believed to exceed $100,000."

**Or**

☐ Another party has previously filed a cover sheet stating that C.R.C.P. 16.1 does not apply to this case.

3. ☑ This party makes a **Jury Demand** at this time and pays the requisite fee. See C.R.C.P. 38. (Checking this box is optional.)

**Date:** __05/28/2021__

_____
Signature of Party or Attorney for Party

**NOTICE**
This cover sheet must be served on all other parties along with the initial pleading of a complaint, counterclaim, cross-claim, or third party complaint.

Plaintiff's Address:

c/o Atlas Law Firm, P.C.
One Cherry Center, Suite 1100
501 South Cherry Street
Denver, Colorado 80246

| DISTRICT COURT, CITY AND COUNTY OF DENVER, STATE OF COLORADO<br>1437 Bannock Street<br>Denver, CO 80202 | DATE FILED: May 28, 2021 4:30 PM<br>FILING ID: 83506ACB96269<br>CASE NUMBER: 2021CV31720 |
|---|---|
| Plaintiff<br>Rooftop Restoration & Exteriors, Inc., a Colorado Corp.<br><br><br>v.<br><br>Defendant:<br>Travelers Property Casualty Company of America, a Connecticut Corporation | ▲ COURT USE ONLY ▲ |
| Attorney:<br>Edward Levy, #36090<br>Atlas Law Firm, P.C.<br>One Cherry Center, Suite 1100<br>501 South Cherry Street<br>Denver, Colorado 80246<br>Phone: (303)-481-6352<br>E-mail: elevy@atlaslawpc.com | Case Number:<br><br><br><br><br>Courtroom: |

## COMPLAINT AND JURY DEMAND

Plaintiff, Rooftop Restoration & Exteriors, Inc. ("Rooftop"), through its attorney, submits its Complaint against Defendant Travelers Property Casualty Company of America ("Travelers") as well as its Jury Demand.

### I.
### Nature of Claims

1. Plaintiff brings this action seeking damages related to Traveler's breach of contract and statutory claims pursuant to C.R.S. §§ 10-3-1115 and 10-3-1116.

### II.
### Parties and Jurisdiction

2. Plaintiff Rooftop is a Colorado corporation which is in good standing. Rooftop is engaged in the construction business, and it specializes in roofing work.

3. Defendant Travelers is a Connecticut corporation. It operates as an insurance company. Its principal place of business is located at One Tower Square, Hartford, CT 06183. Travelers does business in Colorado.

4. This matter involves a commercial insurance contract regarding real property located in Denver County, Colorado. Therefore, this Court has proper jurisdiction and venue.

III.
Factual Allegations

5. Travelers issued commercial insurance policy #Y-630-243X8367-TIL-19 ("Policy"), which covered Gates and Sons, Inc. ("Insured") and enumerated property at sixteen specific addresses within the City and County of Denver, Colorado ("Insured Property").

6. The Policy is a replacement cost value policy and covers loss to the Insured Property.

7. The Insured purchased coverage benefits from Travelers by making periodic payments called premiums.

8. In exchange for the premiums paid by the Insured, Travelers promised to perform according to the terms and provisions of the Policy.

9. Travelers owes duties with respect to its handling of any claim submitted pursuant to the Policy and C.R.S. §§ 10-3-1113, 10-3-1115, and 10-3-1116.

10. On or about May 28, 2019 a hail, wind, or other adverse storm occurred at the Insured Property in Denver, Colorado ("Storm Loss").

11. The Storm Loss was a covered loss under the Policy.

12. Rooftop and/or the Insured have filed a claim ("Claim") with Traveler's for the Storm Loss at the Insured Property.

13. The language of the Policy issued by Travelers made this event causing damage to the Insured Property a replacement cost event.

14. Travelers owes duties to ensure, all in a timely manner, that the Claim is properly investigated, properly adjusted, and properly paid.

15. On May 27, 2021, the Insured signed a Construction Contract ("Construction Contract") with its contractor, Rooftop. The Construction Contract assigns to Rooftop any and all of the Insured's insurance rights, benefits, and proceeds with respect to the Claim and the Storm Loss.

16. The Assignment Contract is valid and enforceable. See *Parrish Chiropractic Centers, P.C. v. Progressive Casualty Ins. Co.*, 874 P.2d 1049, 1053 (Colo. 1994); *Rooftop Restoration, Inc. v. Ohio Sec. Ins. Co.*, 2015 WL 9185679, at *3 (D. Colo. Dec. 17, 2015); *Kyle W. Larson Enterprises, Inc. v. Allstate Ins. Co.*, 305 P.3d 409 (Colo. 2012).

17. As a result of the Construction Contract, the contractor, Rooftop, effectively "stepped into the shoes" of the Insured with respect to the claims against Travelers which arise out of the Storm Loss and the Claim. Therefore, Travelers owes Rooftop all of the duties set forth above with respect to the Storm Loss and the Claim.

18. On May 27 and 28, 2021, Rooftop sent Travelers information regarding the Claim.

## IV.
## First Claim for Relief
### (Breach of Contract)

19. Plaintiff incorporates the allegations contained in paragraphs one through eighteen above as if fully set forth herein.

20. As set forth above, the Policy is an enforceable contract for insurance covering the losses alleged herein.

21. The Insured and Rooftop fully complied with all the provisions of the Policy.

22. All conditions precedent have been waived or are excused.

23. Travelers has breached the Policy as follows:

   (a) Travelers failed to treat the policyholder's interests with equal regard as it does its own interest;

   (b) Travelers failed to properly assist the policyholder with the Claim;

   (c) Travelers failed to fully, fairly, and promptly evaluate and adjust the Claim; and

   (d) Travelers unreasonably delayed the handling of the Claim.

24. Travelers's actions constitute a breach of the insurance contract and is a breach of the reasonable expectations concerning the coverage to be provided under the Policy.

25. Travelers's breach of the Policy caused the Insured and Rooftop to suffer damages.

26. As a result of Travelers's breaches of the Policy, it is liable to Rooftop, the assignee of the Insured's claims, for damages, including the amount owed pursuant the Claim and the Policy, together with pre-judgment interest at the highest rate allowed by law, its reasonable attorney fees as allowed by law, and costs allowed by law.

## V.
## Second Claim for Relief
### (Statutory Violation)

27. Plaintiff incorporates the allegations contained in the paragraph one through twenty-six above as if fully set forth herein.

28. The Insured suffered a loss covered by the Policy and the Rooftop or the Insured submitted the Claim to Travelers.

29. As set forth in paragraph twenty-three above, Travelers breached the Policy.

30. Travelers has not conducted a proper or complete investigation of the Storm Loss thereby damaging the Insured and Plaintiff by delaying and/or denying benefits owed pursuant to the Policy.

31. Travelers has delayed and/or denied payment of covered benefits without a reasonable basis for its actions.

32. Travelers has misrepresented pertinent facts and insurance policy provisions relating to coverages at issue, specifically the applicable limitations on actions against it.

33. Travelers has failed to acknowledge and act reasonably promptly under the circumstances upon communications from Rooftop with respect to the Claim arising under the policy.

34. Travelers violated C.R.S. § 10-3-1115, and it is liable to Plaintiff for damages and relief pursuant to C.R.S. § 10-3-1116.

35. Plaintiff is therefore entitled to two times the covered benefit, reasonable attorney fees and costs pursuant to C.R.S. § 10-3-1116, together with pre-judgment interest at the highest rate allowed by law.

## VI.
## Jury Demand

Plaintiff demands a trial by jury on all claims so triable.

## VII.
## Prayer for Relief

WHEREFORE, Plaintiff asks that this Court enter judgment in its favor and against Travelers on its claims for relief as follows:

(a) Damages due to Travelers's breach of the Policy;

(b) Two times the amount of all covered benefits under the Policy;

Page 4 of 5

(c) Costs, expert witness fees, and reasonable attorney fees incurred in prosecuting the claims against Travelers;

(d) Pre- and post-judgment interest; and

(e) For such other and further relief as this Court may deem just.

Respectfully submitted this 28th day of May, 2021.

ATLAS LAW FIRM, P.C.

/s/ Edward Levy

Edward Levy, #36090
One Cherry Center, Suite 1100
501 South Cherry Street
Denver, Colorado 80246

Plaintiff's Address:
945 Allison Street
Lakewood, Co 80214

<table>
<tr><td>

DISTRICT COURT OF THE 2ND JUDICIAL DISTRICT,
DENVER COUNTY, COLORADO
1437 Bannock Street
Denver, CO 80202
(303) 606-2300

</td><td>

DATE FILED: June 1, 2021 11:01 AM
CASE NUMBER: 2021CV31720

</td></tr>
</table>

|  |  |
|---|---|
| Plaintiff(s): **ROOFTOP RESTORATION AND EXTERIORS, INC.**<br><br>v.<br><br>Defendant(s): **TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA** | ▲ COURT USE ONLY ▲<br><br>**Case Number: 21CV31720**<br>**Division: 209** |
| **PRE-TRIAL ORDER** | |

## A.   ALTERNATIVE DISPUTE RESOLUTION

A separate ADR order will not be issued by the Court at this time, but parties may contact the Court Clerk, at any time, if they wish to have an ADR order entered.

## B.   DUTY TO CONFER[1]

Colo. R. Civ. P. 121 § 1-15(8) states that "moving counsel and any self-represented party shall confer with opposing counsel and any self-represented parties before filing a motion." Rule 121 § 1-15(8) requires the parties to identify and attempt to resolve emerging issues before engaging in motions practice. The duty to confer requires counsel to confer in good faith either by telephone, in person, email, or in writing with any party who might potentially oppose the relief requested. A single unanswered email or phone call is insufficient to comply with the rule. The Court expects the parties to have made (or at least attempted) follow-up in their conferral. (E.g., if a voicemail is left, it must be followed by a second attempt to confer in the form of an additional telephone call or voicemail).

The word "shall" in Rule 121 § 1-15(8) is a mandatory requirement. Before filing a motion, the moving party must confer with any potentially opposing party, as detailed above. "If no conference has occurred, the reason why, including all efforts to confer, shall be stated." The reason why no conference has occurred must be explained in substantive detail, and a lack of conferral with be excused only under unusual or extraordinary circumstances. On one end of the spectrum, it will not be acceptable for the moving party to make a single phone call, leave a voicemail requesting conferral, and submit a corresponding motion shortly thereafter without the required conferral. On the other hand, the Court will not allow a moving party to be hamstrung by an opposing party if the moving party has made numerous attempts to confer by leaving

---

[1] The Court finds Colorado District Court Judges Frederick Gannett and Juan Villasenor and United States District Court Magistrate Judge Boland's interpretation of the conferral requirement persuasive and attributes the following discussion to them.

messages and there is no timely return communication. The Court will evaluate whether parties have satisfied the duty to confer on a case-by-case basis.

The Court also reads Rule 121 § 1-15(8) as applying to *pro se* parties in the same manner as it applies to any attorney entering an appearance before the Court.

## C.    MOTIONS

1.    DO NOT, UNDER ANY CIRCUMSTANCES, COMBINE PLEADINGS (i.e., Defendant's Motion for Summary Judgment and Response to Plaintiff's Motion for Summary Judgment). IF YOU DO YOUR PLEADING MAY BE STRICKEN *SUA SPONTE.*

2.    Plan ahead as "forthwith" motions are discouraged. Due to the electronic filing system, filings are not received by this division at the same they are filed. If the filing is an emergency and needs immediate attention from the Court, please contact the courtroom clerk and alert them of the filing. However, please note that your emergency may not be considered the Court's emergency.

3.    The Court interprets C.R.C.P. 121, § 1-15 to require the moving party to give non-moving party(s) at least two business days to respond before the moving party files the motion.

4.    The parties shall comply with the formatting requirements of C.R.C.P. 10 for each and every motion.

5.    A motion will be followed by a response, and a reply, unless this Court has eliminated a reply or other pleading pursuant to C.R.C.P. 121. No other pleadings relating to a given motion will be accepted for filing unless permitted by court order.

6.    The requirements of C.R.C.P. 121 § 1-15 concerning the content of briefs will be strictly enforced. **Except as otherwise outlined in this order, all motions and briefs are limited to 10 pages in length.** Should a party wish to exceed the Court's limit, the party shall seek court approval prior to filing the motion.

7.    The requirements of C.R.C.P. 121 § 1-15 concerning the time for filing motions will be strictly enforced. Extensions of the deadlines are strongly discouraged because they make it unlikely that the motions will be ruled on in advance of trial. The Court may, if appropriate, expedite the briefing schedule.

8.    Once motions are at issue, they will be ruled upon as the Court's docket permits, usually without a hearing. Motions hearings will be set so as not to interfere with the conduct of other trials.

| MOTIONS FOR SUMMARY JUDGMENT (C.R.C.P. 56) |
| --- |

9. **Summary Judgment Motions pursuant to C.R.C.P. 56 shall be filed at least <u>91 days</u> (13 weeks) before trial.**

   a. <u>Motion, Page Limits, and Exhibits</u>
   These procedures contemplate the filing of a single motion for summary judgment by a party. The sections of a motion/response/reply discussed below that address *facts* will not count toward the page limit outlined in C.R.C.P. 121 § 1-15(1)(a). Additionally, the case caption, signature block, certificate of service, and attachments will not count toward the page limit.

   b. <u>Exhibits</u>
   Exhibits attached to a motion for summary judgment, a response in opposition, or a reply must follow the following format. Defendant must label his/her/its exhibits by letters: A, B, C, etc. If the Defendant needs to attach more than 26 exhibits, Defendant may instead number his/her/its exhibits starting at 501, 502, 503, etc. Plaintiff must designate his/her/its exhibits by numbers: 1, 2, 3, 4, etc.

   When filing any exhibits in support of, or opposition to, a motion, the party must label the exhibit and include its title so that the description appears in the register of actions. For example: "Ex. A, John Smith Decl." "Ex. 3, Sales Contract." "Ex. F, Plaintiff Depo."

   Voluminous exhibits are discouraged on summary judgment.

   c. <u>Motion Format</u>
   ***Facts Section.*** The moving party must use the following format: the movant must create a section of the motion titled "Statement of Undisputed Material Facts" and must set forth in simple, declarative sentences, separately numbered and paragraphed, each material fact which the movant believes is not in dispute and which supports movant's claim that movant is entitled to judgment as a matter of law. The movant must avoid adding unnecessary adjectives or adverbs to his or her material facts. In general, the Court finds such descriptors vague and unhelpful to adjudicate summary judgment motions.

   Each separately numbered and paragraphed fact must be accompanied by a specific reference to material in the record which establishes that fact. General references to pleadings, depositions, or documents are insufficient if the document is over one page in length. A "specific reference" means the title of the document (e.g., "Exhibit A, Pl. Depo.") and a specific paragraph or page and line number; or, if the document is attached to the motion, the paragraph or page and line number.

   ***Legal Argument Section.*** For each claim for relief or defense as to which judgment is requested, the motion must: (a) identify which party has the burden of proof; (b) identify each element that must be proved; (c) for each identified element, identify the material undisputed facts that prove that element and the pinpoint location in the filed record; or (d) if the respondent has the burden of proof, identify the elements which the movant contends the respondent cannot prove (with reference to the record).

d.  Response Format
    ***Facts Section.*** Any party opposing the motion for summary judgment must create a
    section of the response titled "Response to Statement of Undisputed Material Facts," and
    must respond by deeming the facts "undisputed," "disputed," or "undisputed for purposes
    of summary judgment." Each response must be made in separate paragraphs numbered to
    correspond to movant's paragraph numbering. A "disputed" response must address the
    fact as tendered by the movant, not a fact that the non-movant wishes had been tendered.
    Proper responses to a "disputed" fact should be limited to an argument that (1) the
    particular parts of materials in the record don't establish the absence or presence of a
    genuine dispute; or (2) the movant cannot produce admissible evidence to support the
    fact. The response must be accompanied by a brief factual explanation to support the
    dispute.

    **If the non-movant fails to properly address the other party's assertion of fact as
    required here, the Court generally will consider the fact undisputed for purposes of
    the motion.**

    If the party opposing the motion believes that there are additional disputed (or
    undisputed) facts which it has not adequately addressed in the submissions made in the
    facts section, the party must create a separate section of the response titled "Statement of
    Additional Disputed (or Undisputed) Facts," and must set forth in simple, declarative
    sentences, separately numbered and paragraphed, each additional material
    undisputed/disputed fact which undercuts movant's claim that it is entitled to judgment as
    a matter of law. Each separately numbered and paragraphed fact must be accompanied by
    a specific reference to material in the record which establishes the fact or at least
    demonstrates that it is disputed/undisputed.

    ***Legal Argument Section.*** The response must utilize the same format for each
    claim/defense as set forth above: (a) if the respondent disputes the statement of the
    burden of proof on necessary elements, it must identify such as disputed and must
    provide supporting legal authority. (b) If the movant has the burden of proof, the
    respondent must identify all elements for which there are disputed material facts, as well
    as provide a brief explanation of the reason(s) for the dispute and specific references to
    supportive evidence in the record appendix. Stipulation to facts not reasonably in dispute
    is highly encouraged. (c) If the respondent has the burden of proof, for each element
    identified by the movant as lacking proof, the respondent should identify the facts and
    their location in the record that establish that element.

e.  Reply Format
    ***Facts Section.*** At the beginning of the reply, the movant must list the facts that are
    undisputed and disputed by their respective paragraph number.

    The movant must create a section titled "Reply Concerning Undisputed Facts" and must
    include any **factual** reply regarding the facts asserted in its motion to be undisputed,
    supported by specific references to material in the record. The reply will be made in
    separate paragraphs numbered according to the motion and the opposing party's
    response.

The movant must create a section titled "Response Concerning Disputed Facts" to respond to those facts claimed to be in dispute, and either admit that the fact is disputed or supply a brief factual explanation for its position that the fact is undisputed, accompanied by a specific reference to material in the record which establishes that the fact is undisputed. The movant's response to undisputed fact must be done in paragraphs numbered to correspond with the opposing party's paragraph numbering.

***Legal Argument Section.*** The movant must respond to the legal arguments made by the respondent and must not raise new issues.

Finally, legal argument is not permitted in the factual sections of the motion/response/reply and should be reserved for the legal argument section(s) of the documents. If, for example, a party believes that an established fact is immaterial, that argument must go in the legal argument section, and the fact should be admitted. If, on the other hand, a party believes that the reference to material in the record does not support the claimed fact, that fact may be disputed accompanied by a brief *factual* argument made under these procedures.

## MOTIONS – EXPERT TESTIMONY

10. **Motions challenging expert testimony pursuant to C.R.E. 702 must be filed at least <u>70 days</u> (10 weeks) before trial unless a different time is permitted by court order.** C.R.C.P. 16(c). Motions shall include the following: (1) identification of the expert witness and separately state each opinion/testimony the moving party seeks to exclude; (2) a response for each opinion/testimony with the specific foundational challenge made to the opinion/testimony, e.g., relevancy, sufficiency of facts and data, methodology. C.R.E. 702 and 703; and, (3) indication of whether an evidentiary hearing is requested, explain why such a hearing is necessary, and specify the time needed for the evidentiary hearing (assuming time is divided equally between the parties).

The Court in its discretion may set a hearing to determine the admissibility of the challenged opinions under the Colorado Rules of Evidence.

## MOTIONS IN LIMINE

11. **Motions *in limine* shall not exceed 5 pages and must be filed at least <u>35 days</u> prior to trial unless a different time is permitted by court order.** C.R.C.P. 16(c). Responses shall be filed no more than <u>7 days</u> after the motion is filed, unless a different time is permitted by court order. <u>No replies shall be allowed.</u>

## OTHER PRETRIAL MOTIONS

12. **Other pretrial motions must be filed at least <u>42 days</u> before trial unless a different time is permitted by court order.** Responses shall be filed <u>14 days</u> after the filing of the motion unless a different time is permitted by court order. <u>No replies shall be allowed.</u>

**D.    DISCOVERY**

1.  Failure to disclose or insufficient/untimely disclosure of any document, exhibit or opinion is undertaken <u>at your own risk</u>. Similarly, delaying discovery until the eve of deadlines and/or trial is undertaken <u>at your own risk</u>. Do not procrastinate in the preparation of your case.

2.  <u>**NO WRITTEN DISCOVERY MOTIONS WILL BE ACCEPTED**</u>. The Court will address *ALL* discovery disputes with a discovery hearing (in-person) instead of by formal written motions. A "discovery dispute" means a disagreement involving issues arising under C.R.C.P. 16, 16.1, 26, 30, 31, 33, 34, 35, 36, 37, and 45. The purpose of this procedure is to ensure an expedited and inexpensive resolution of discovery disputes. The following procedures will be in effect in this case:

    a.  If there is a discovery dispute, counsel are expected to confer in a meaningful way to try to resolve it. This means in writing, by telephone or in person. An exchange of emails is not sufficient.

    b.  If counsel cannot resolve the dispute, they shall contact one of the clerks for this court during setting times (Tuesday, Wednesday & Thursday from 10 am – 12 noon) at 303-606-2393. If counsel cannot agree on a date the Court will set the hearing date.

    c.  The dispute will be argued and resolved at the hearing, or taken under advisement with a prompt ruling by the Court. The parties shall file a one-page, concise identification of the discovery issues in dispute (with citations) and provide a copy of any legal authority that might be helpful to the Court, at least 2 days before the hearing. The discovery issues shall be laid out clearly and explain the legal and factual justifications for an objection. This shall be done in lieu of filing a written motion and response. <u>DO NOT</u> file any written motion, attachments, etc. unless the Court requests it.

    d.  If a dispute occurs during a deposition, please call the clerk of this courtroom at the above number and advise them about the nature of the dispute. The Court will address the dispute as quickly as possible, based upon the Court's availability.

3.  For additional detail and clarification, please see the last pages of this order following the signature page.

**E.    EXPERTS**

1.  Disclosure of expert opinions must comply with C.R.C.P. 26(a)(2). As set out in Comment 21 to C.R.C.P. 26, detailed expert disclosures "facilitate the trial, avoid delays, and enhance the prospect for settlement."

2.  Retained Experts shall be limited to testifying on direct examination about matters disclosed in reasonable detail in the written expert disclosures.

3.  For non-retained experts (including treatment providers), the Court strictly construes the requirement in C.R.C.P. 26(a)(2)(b)(ii)(a). Non-retained expert disclosures must include "a complete description of all opinions to be expressed and the basis and reasons therefor." This

is required regardless of whether the expert's opinions formed during treatment are stated in a party's medical records. A boilerplate statement that the treatment provider "will testify about the plaintiff's medical records and their impact on the plaintiff's treatment" does not meet this requirement.

4. Disputes over the adequacy of expert disclosures should be raised at the time of disclosure.


## F.      CASE MANAGEMENT ORDER

1. The recently amended provisions of C.R.C.P. 16 and 16.1 concerning presumptive and modified case management orders will apply.

2. At the same time as the Notice to Set Trial is filed, the Responsible Attorney shall file a notice to set a Case Management Conference as required in C.R.C.P. 16(d)(1), to be held no later than 49 days after the case is at issue, and shall provide notice of the conference to all parties.

3. Not later than 42 days after the case is at issue and at least 7 days before the Case Management Conference, the parties shall file, in editable format, a proposed Case Management Order consisting of the matters set forth in C.R.C.P. 16(b)(1)-(17) and take all necessary actions to comply with those subsections.

4. If all parties are represented by counsel, no later than 35 days after the case is at issue, counsel may file a proposed Case Management Order in compliance with C.R.C.P. 16(b) and may jointly request the Court to dispense with a Case Management Conference.

5. If the parties cannot agree on a modified case management order, they shall submit a draft order identifying the areas of disagreement. The Court will decide the disputed matters and will issue a Case Management Order promptly.

6. The parties shall contact the clerk of this court at (303) 606-2393 during setting times (Tuesday, Wednesday & Thursday from 10 am – 12 noon) to schedule a case management conference if they think one will be helpful.

7. Cases Filed Under C.R.C.P. 16.1: Not later than 49 days after the case is at issue, the Plaintiff (or Responsible Attorney) shall file a Certificate of Compliance as required under C.R.C.P. 16.1(h). No Case Management Order or Case Management Conference is required.

## G.      TRIAL SETTING

Continuances will NOT be granted as a matter of course, even if stipulated. Continuances will be granted only for good cause shown. Contested motions for continuance will likely be decided on the first day of trial unless ripe at least 7 days before trial.

## H.      TRIAL MANAGEMENT ORDER

1. Plaintiff's counsel shall prepare and submit a Trial Management Order ("TMO") no later than **28 days** before the date of trial.

## I.   TRIAL PREPARATION

1. A Pre-trial Conference is not scheduled by the Court automatically. The parties may contact the clerk of this Court at any time, if they wish to schedule a Pre-trial Conference in this matter. Unless good cause is shown to hold the conference closer to trial, the Pre-trial Conference shall be held no later than **7 days** before trial.

2. The FTR shall be the official record in this case, absent an agreement to use a freelance court reporter. Counsel and any party appearing *pro se* shall decide if a retained court reporter will be used. Review and comply with the 2nd Judicial District Chief Judge Directive 2011-1 and attached policy regarding Court Reporters.

3. Any Trial Briefs must be filed no later than **7 days** before trial and shall not exceed 5 pages. In lieu of a trial brief, a party may file a list of case and statutory authority upon which the party intends to rely.

4. **Witness Lists**. A correctly spelled list of the probable witnesses who may be called. In addition to listing the names of the witnesses, the list shall also specify the witnesses' titles or degrees and employment (e.g., Dr. John Smith, M.D., Children's Hospital) if applicable.

5. **Joint Order of Proof**. Counsel **shall confer** and prepare a joint order of proof which identifies each counsel's good-faith estimate of the order in which witnesses will be presented and the time required for direct and cross-examination of each witness.

6. **The witness lists and order of proof shall be filed no later than 7 days before the commencement of trial.**

7. **Exhibits.**
   a. The parties must prepare a comprehensive Index of Exhibits and note those exhibits which are stipulated. Authenticity of exhibits shall be deemed stipulated to unless an objection is filed **14 days** before trial.

   b. Counsel shall stipulate to admissibility of exhibits where appropriate to reduce use of Court and, if applicable, jury time. Each exhibit in the index should be accompanied by a number, Plaintiffs shall use numbers 1-999 and Defendants shall use numbers 1,000-1,999. If there are multiple Plaintiffs or multiple Defendants the parties shall designate the exhibit number range each party will use.

   c. All exhibits must be pre-marked with the number or letter identification, along with the case number. On the day of trial, counsel shall have in their possession at least four complete sets of all exhibits (either paper or electronic): one copy for the judge, one copy for witnesses, and copies for counsel.

   d. The parties shall exchange any demonstrative exhibits **7 days** before the first day of trial.

e. Unless the Court orders otherwise, <u>on or before the trial date,</u> the parties must submit <u>ALL</u> of their exhibits, and/or images of large or demonstrative exhibits, through the E-Filing system. Parties should anticipate that there are exhibits such as negotiable instruments where the original paper document may need to be tendered to the Court. Images of these exhibits shall also be filed through the E-Filing system. *See* CJD 11-01 ¶ VI. Submission of exhibits shall be in substantial compliance with Paragraph V, of Chief Justice Directive 11-01. *See id.* ¶ V. <u>Any violation of this Order regarding the submission of exhibits will be subject to sanctions including contempt of Court under C.R.C.P. 107.</u>

f. Copies of a draft of list of exhibits and witnesses must be exchanged at least **42 days** before trial, as required by C.R.C.P. 16(f)(2). Other orders concerning exhibits may be entered as necessary.

**8. Depositions**
   a. If any party wishes to use depositions in place of live testimony, C.R.C.P. 16(f)(3)(VI)(D) shall be complied with.

   b. The parties must provide the Court with a single copy of the deposition transcript with the designations and cross designations indicated, **7 days** before trial.

   c. All objections shall be filed with the designations and shall include a specific Rule of Evidence supporting the objection.

   d. The same rules apply to written, videotape, and DVD depositions alike.

9. If a party needs any form of audio/visual equipment, the party(s) is responsible for providing it. This includes extension cords and power surge strips.

**J.     JURY INSTRUCTIONS**

1. Attorneys are required to meet and confer in good faith, preferably in person, regarding jury instructions. The Court has already prepared the following instructions: 3:1, 3:4, 3:8, 3:9, 3:12, 3:14, 3:15, 3:16, 4:1, 4:2, 4:2A, 5:1 and 5:6. Counsel for the plaintiff is required to submit a joint proposed initial draft of the final jury instructions directly to the court via e-mail to the Court's law clerk (02courtroom209@judicial.state.co.us) no later than 7 days prior to the scheduled trial. By initial draft, the Court means a single document that includes the instructions the Court has already prepared, the instructions to which all parties have stipulated, and any additional or disputed instructions of any party, as discussed below.

2. Please note: the Court does not need, nor will it accept, basic introductory or closing instructions, oaths, admonitions, lengthy annotations, or similar instructions.

3. Counsel shall submit instructions using the following order: opening instructions; 2:1 claims and defenses; basic evidentiary instructions; instructions relating to the plaintiff's claims; instructions relating to defenses; damages; definitions; closing instructions.

4. Unless a stipulation can be reached, counsel for both parties shall be responsible for submitting their own version of a proposed 2:1 instruction under the "Claims of the Parties"

instruction. The Court will either choose between those submitted instructions or prepare its own.

5. If counsel cannot agree on the wording of other instructions then both counsel shall submit instructions defining applicable stipulations, claims, standards of proof, affirmative defenses, damages, and special definitions under the appropriate sections.

6. Additional instructions may be submitted. However, the Court does not favor, and rarely gives, special instructions patterned after caselaw; any such instructions shall be submitted separately via e-mail, accompanied by a brief statement of authority, in compliance with the requirements for the initial draft. All proposed instructions must be organized in substantial compliance with the format utilized by the Court. If either counsel has an objection to a submitted instruction, the nature of the objection shall be briefly stated on the initial draft submitted to the Court, along with a brief statement of authority.

7. The Court shall prepare proposed verdict forms that conform to the proposed instructions.

8. All instructions <u>must</u> be submitted through the E-Filing system in editable format. *See* CJD 11-01 ¶ VII. Accordingly, two editable documents comprising the proposed jury instructions must be E-Filed <u>7 days before trial</u>: (1) one document of stipulated instructions (without CJI and/or case citations), and (2) one document of disputed instructions (with CJI and/or case citations). The set of instructions provided to the jury as well as a party's tendered instructions that have been rejected by the Court shall be uploaded in the E-Filing system.

9. The Court will conduct a conference on the instructions during breaks, over the lunch hour, or at the end of the day. Counsel and/or parties shall be prepared, with case citations, to discuss the disputed instructions at the time of the conference. The goal is to have a completed set of instructions ready for the jury as soon as the presentation of evidence is concluded.

## K.   <u>JUROR NOTEBOOKS (If Applicable)</u>

Each trial juror will be provided with a juror notebook. We will provide the notebooks, unless an oversize notebook is needed, in which case the parties must provide them. We will prepare general information and juror question forms, but the parties must prepare the remainder of the contents. Each page must be three-hole punched in advance so it can be placed in a notebook. <u>Each party must file its materials with courtroom staff *in person* no later than 3:00 p.m. on the Thursday before the first day of trial.</u> The person bringing the materials to court must be prepared to place the material into the notebooks. Each party must supply an original and eight copies of the following:

1. **Exhibit Lists.** A list of exhibits whose admissibility is stipulated or not subject to reasonable dispute.

2. **Exhibits or Excerpts of Exhibits.** Copies of stipulated exhibits may be put in the juror notebooks. If exhibits are lengthy, stipulated excerpts may be used with my permission. The parties should bring to trial eight (three hole-punched) copies of any exhibit not stipulated to; copies will be placed in the notebook if and when the exhibit is admitted.

3. **Glossary of Terms**. If there are any scientific or other specialized terms which will be used repeatedly, those should be set forth, with an agreed-upon definition. If the parties have a legitimate dispute about the definition of any term, just the term should be listed.

**L.     JURY SELECTION (If Applicable)**

1. Each side will have a maximum of 20 minutes for *voir dire*, unless additional time is requested and permitted in advance of the first day of trial. In multi-party cases, time must be divided between all parties on the side(s) of the case.

2. The Court will ask some basic questions before counsels' *voir dire*. If there are questions all parties believe the should ask during its *voir dire*, such questions should be submitted to the Court at least **7 days** before trial.

3. *Voir dire* will be conducted from the lectern.

4. Typically, an alternate juror is selected. The Court will advise counsel on the first day of trial how the alternate will be designated. The Court prefers that the alternate be allowed to deliberate, but a final decision will be made before the venire arrives for trial.

5. Peremptory challenges are to be made against the presumptive panel.

6. Typically, challenges for cause will be exercised at the bench upon the conclusion of all parties' *voir dire*. Peremptory challenges will be announced orally in open Court *by counsel*.

**M.     CONDUCT OF TRIAL**

1. **Scheduling/Use of Time**
   a. The trial day will start at 8:30 a.m. and end at 5:00 p.m. We will take a morning and an afternoon break of 15 to 20 minutes each. Lunch will run for approximately 1 hour within the timeframe of noon to 1:30 p.m. Adjustments to this schedule may be made for good cause shown or upon order of the Court.

   b. Counsel and parties will be in court by 8:00 a.m. on each day of trial. This allows time for setup and preparation before beginning each trial day. It also provides an opportunity for counsel to discuss anything outside the presence of the jury before the trial day begins.

   c. Jurors (if applicable) are the most important people in the decision-making process; their time is more valuable than ours. Witnesses must be scheduled so that no lengthy gaps occur in testimony. If there is a lengthy delay in one side's presentation of evidence, the Court will likely exercise its discretion and require the other side to begin the presentation of evidence. Proper concern for the jury's time is generally more important than the order in which evidence is presented.

   d. Counsel and the Court will spend a few minutes at the end of each trial day (after the jury has been excused) discussing what will occur the next day, including what witnesses are scheduled and how much time each witness is expected to take.

2. **Opening Statements**. Each side will have a maximum of 20 minutes for its opening statement. In multiple-party cases, this time must be divided between the parties. Additional time may be permitted for good cause shown.

3. **Questioning of Witnesses**.
   a. Generally, questioning will be done from the podium unless permission is granted to approach the witness or the bench.

   b. Redirect may be limited or disallowed. The Court generally does not allow re-cross. Prior to questioning, counsel should ask to approach for a bench conference should a re-cross be sought.

   c. Juror questions will be permitted when all other questions have been asked. Jurors will submit written questions on forms which the Court will place in the juror notebooks. As required, the Court will make a determination on whether the question will be asked after a bench conference as to any question(s). Counsel may ask *brief* follow-up questions after juror questions have been asked, but only as to issues raised by the jurors' questions.

4. **Objections**.
   a. Make objections professionally: be brief, concise and specific.

   b. Speaking objections are not permitted.

   c. Do not automatically respond to an objection; if I want a response to an objection before ruling on it, I will ask for one.

5. **Closing Arguments**. Each side will have 20 minutes for closing argument. In multiple-party cases, this time must be divided between the parties. Additional time may be permitted for good cause shown.

6. **Miscellaneous**.
   a. Parties must remain at counsel table while court is in session.

   b. Counsel must use surnames.

   c. No food is permitted in the courtroom; water is permitted at counsel table.

   d. Please turn off (or silence) all electronic devices before coming into court.

## N.     <u>GENERAL RULES</u>

1. If this Order conflicts with any Pre-Trial Order that was issued previously **<u>THIS ORDER</u>** will supersede.

2. Any reference in this Order to "counsel" includes *pro se* parties.

3. The parties are to **notify the Court within 24 hours of settlement or resolution of the case. This should be accomplished by both calling the Courtroom at its main number of 303-606-2393 AND e-filing a notice of settlement. All documents confirming settlement shall be filed not later than 28 days from the date of settlement,** unless otherwise ordered by the Court.

4. Unless all parties agree on the record that exhibits need not be maintained, the following procedure will be followed:

   a. When the trial or hearing is concluded, each party will withdraw any exhibits or depositions which that party marked or admitted.

   b. Each party will maintain in its custody the withdrawn exhibits and depositions without modification of any kind until 63 days after the time for the need of such exhibits for appellate or other review purposes has expired, unless all parties stipulate otherwise on the record or in writing. It will be the responsibility of the withdrawing parties to determine when the appropriate time period has expired.

5. This is a ___CIVIL___ division. Counsel will treat jurors, parties, witnesses, me, my staff, _and_ each other with professionalism, courtesy and respect at all times. This applies not only to the actual trial, but to all aspects of the case, including discovery and motions practice, and includes what is written as well as what is said.

**DISCOVERY PROTOCOL**

Counsel are reminded that all discovery responses shall be made in the spirit and with the understanding that the purpose of discovery is to elicit facts and to get to the truth. The Rules of Civil Procedure are directed toward securing a just, speedy and inexpensive determination of every action. The discovery process shall not be employed to hinder or obstruct these goals, nor to harass, unduly delay or needlessly increase the cost of litigation.

## WRITTEN DISCOVERY

These discovery protocols shall be considered as part of the responsibility of parties and counsel to comply with the Rules of Civil Procedure relating to discovery.

1. The parties should refrain from interposing repeated boilerplate type objections such as "overbroad, unduly burdensome, vague, ambiguous, not reasonably calculated to lead to the discovery of admissible evidence" and other similar objections. In the event any such objections are made, they shall be followed by a clear and precise explanation of the legal and factual justification for raising such an objection. Additionally, if the objecting party otherwise responds to the discovery request but does so subject to or without waiving such an objection, that party shall describe with reasonable specificity the information which may be available, but which is not being provided as a result of the objection raised.

2. When a responding party claims not to understand either a discovery request or the meaning of any words or terms used in a discovery request, that party shall, within fourteen (14) days of receiving the discovery request, seek clarification of the meaning from counsel who served

the discovery. A failure to seek such clarification shall be considered a violation of this Order for Discovery Protocol.

3. A discovery response which does not provide the information or material requested but promises to do so at some point in the future will be treated as the equivalent of no response unless the party so responding provides a specific reason for the information not being produced as required by the Rules of Civil Procedure, and also provides a specific date by which such information will be produced.

4. A response to a discovery request that does not provide the information or material requested but rather states that the party is continuing to look for or search for such information or material will be treated as the same as no response, unless that party provides a clear description of where such information or material is normally located, who is normally in custody of such information or material, where the party has searched, the results of the search, as well as the identity of all persons who have engaged in such a search. The responding party shall also provide a clear explanation of the ongoing search and a specific date by which the search will be complete.

5. Whenever a party objects to discovery based upon a claim of attorney/client privilege, work product protection, or any other privilege or protection, that party shall produce a detailed privilege/protection log that includes at least the following for each such item for which privilege is claimed:

    a. The information required by C.R.C.P. 26(b)(5);

    b. The date of the information or material;

    c. All authors and recipients; and

    d. The specific privilege or protection which is claimed.

The proponent of the privilege has the burden of establishing that privilege. Failure to comply with this paragraph 5 and Order for Discovery Protocol will constitute a waiver of the claimed privilege.

## DEPOSITIONS

1. Depositions shall be conducted in compliance with the Colorado Rules of Civil Procedure.

2. During all depositions, counsel shall adhere strictly to C.R.C.P. 30(d) (1) and (3). No objections may be made, except those which would be waived if not made under C.R.C.P. 32(d)(3)(B) (errors, irregularities), and those necessary to assert a privilege, to enforce a limitation on evidence directed by the Court, or to present a C.R.C.P. 30(d)(3) motion (to terminate a bad faith deposition). Objections to form shall be stated: "Objection as to form." Any further explanation is inappropriate and prohibited unless specifically requested by the attorney asking the question.

3. There shall be no speaking objections. It is inappropriate and prohibited for an attorney, during the course of questioning, to advise a witness to answer, "if you know," or "if you

remember." It is similarly prohibited for an attorney during questioning to advise a witness not to speculate. All such questions shall be considered speaking objections. All deponent preparation shall be conducted prior to the commencement of the deposition and shall not take place during the course of the deposition.

4.  It is appropriate for the deponent to request clarification of a question. However, it is not appropriate for counsel to do so.

5.  A deponent and an attorney may not confer during the deposition while questions are pending. Similarly, neither a deponent nor counsel for a deponent may interrupt a deposition when a question is pending or a document is being reviewed, except as permitted by C.R.C.P. 30(d) (1).

6.  Counsel shall refrain from excessive objections that have the purpose or effect of disrupting the flow of questioning or the elicitation of testimony.

7.  Counsel may instruct the deponent not to answer only when necessary to preserve a privilege, to enforce a limitation on evidence directed by the Court, or to present a motion under C.R.C.P. 30(d)(3). Whenever counsel instructs a witness not to answer a question, counsel shall state on the record the specific reason for such an instruction, the specific question, part of a question or manner of asking the question upon which counsel is basing the instruction not to answer the question.

8.  Violations of these Discovery Protocols will result in the Court limiting or prohibiting additional discovery in the case.

DATED this 1st day of June, 2021.

BY THE COURT:

Alex C. Myers
District Court Judge

<table>
<tr><td>

DISTRICT COURT<br>
CITY & COUNTY OF DENVER, COLORADO<br>
1437 Bannock Street, Room 256<br>
Denver, Colorado 80202

</td><td>

DATE FILED: June 1, 2021 11:01 AM<br>
CASE NUMBER: 2021CV31720

</td></tr>
</table>

|  |  |
|---|---|
| **Plaintiff(s): ROOFTOP RESTORATION AND EXTERIORS, INC.**<br><br>**v.**<br><br>**Defendant(s): TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA** | **Case Number: 21CV31720**<br><br>**Courtroom: 209** |

|  |
|---|
| **DELAY REDUCTION ORDER** |

All civil courtrooms are on a delay reduction docket.

**IF AN ATTORNEY OR PRO SE PARTY FAILS TO COMPLY WITH THIS ORDER, THE COURT MAY DISMISS THE CASE WITHOUT PREJUDICE. THIS ORDER IS THE INITIAL NOTICE REQUIRED BY C.R.C.P 121 § 1-10, AND C.R.C.P. 41(B)(2).**

A.    In all civil actions, the following deadlines must be met:

1.    <u>Service of Process</u>:  Proof of service of process under C.R.C.P. 4 for all defendants must be filed within <u>63 days</u> after the date of filing of the complaint. After <u>63 days</u>, the action may be dismissed by the Court against any defendant for whom proof of service has not been filed.

2.    <u>Default</u>:  Motions for judgment must be filed within <u>14 days</u> after default has occurred and must comply with C.R.C.P. 121 § 1-14.  Reasonable inquiry regarding a person's military status requires confirmation through the Department of Defense's Servicemembers Civil Relief Act website (https://scra.dmdc.osd.mil) or equivalent confirmation.

3.    <u>Trial Setting</u>:  The Responsible Attorney as defined in C.R.C.P. 16(b)(2) must file and serve a Notice to Set the case for trial and must complete the setting of the trial no later than <u>14 days</u> from the date the case is at issue.  Counsel may call the courtroom to set trials only on Tuesdays, Wednesdays, and Thursdays from 10:00 a.m. until noon.

4.    <u>Continuances</u>:  Continuances of trials are disfavored, and continuances of trial are even less likely to be granted if the trial cannot be reset within a year of the filing

date of the action. Accordingly, if you schedule your trial toward the end of the one-year period, you should assume that you will not be able to obtain a continuance of the trial.

5. **Cases filed under C.R.C.P. 16:**

    a) **Case Management Conference:** The notice to set trial must also include a notice to set a Case Management Conference to be held no later than **49 days** after the case is at issue. Counsel may call the courtroom to set case management conferences only on Tuesdays, Wednesdays, and Thursdays from 10:00 a.m. until noon.

    b) **Proposed Case Management Order:** At least **7 days** before the Case Management Conference, the parties must file a proposed Case Management Order.

    c) **Waiver of Case Management Conference:** If all parties are represented by counsel, a joint request to waive the case management conference may be included in the proposed Case Management Order. Unless such a request has been granted, counsel must appear for the case management conference.

6. **Cases filed under C.R.C.P. 16.1:**

**Certificate of Compliance:** Not later than **49 days** after the case is at issue, the Plaintiff (or the Responsible Attorney) must file a Certificate of Compliance as required under C.R.C.P. 16.1(h). No Case Management Order or Case Management Conference is required.

B.    Additionally, in all civil actions the following provisions apply:

1. **Service of this Order:** The Plaintiff or Responsible Attorney must send a copy of this Order to all other parties who enter their appearance.

2. **Related Cases:** An attorney entering an appearance in this case who is aware of a related case is ordered to complete and file in this case an Information Regarding Related Case(s) form, available in Room 256 of the City and County Building or on line at:

https://www.courts.state.co.us/userfiles/file/Information_Regarding_Related_Cases_Form(1).doc

Date:  June 1, 2021

BY THE COURT:

Alex C. Myers
District Court Judge