| | |
|---|---|
| DISTRICT COURT, CITY AND COUNTY OF DENVER, STATE OF COLORADO<br>1437 Bannock Street<br>Denver, CO 80202 | DATE FILED: May 28, 2021 4:30 PM<br>FILING ID: 83506ACB96269<br>CASE NUMBER: 2021CV31720 |
| Plaintiff<br>Rooftop Restoration & Exteriors, Inc., a Colorado Corp.<br><br>v.<br><br>Defendant:<br>Travelers Property Casualty Company of America, a Connecticut Corporation | ▲ COURT USE ONLY ▲ |
| Attorney:<br>Edward Levy, #36090<br>Atlas Law Firm, P.C.<br>One Cherry Center, Suite 1100<br>501 South Cherry Street<br>Denver, Colorado 80246<br>Phone: (303)-481-6352<br>E-mail: elevy@atlaslawpc.com | Case Number:<br><br><br><br><br><br>Courtroom: |
| **COMPLAINT AND JURY DEMAND** | |

Plaintiff, Rooftop Restoration & Exteriors, Inc. ("Rooftop"), through its attorney, submits its Complaint against Defendant Travelers Property Casualty Company of America ("Travelers") as well as its Jury Demand.

## I.
## Nature of Claims

1. Plaintiff brings this action seeking damages related to Traveler's breach of contract and statutory claims pursuant to C.R.S. §§ 10-3-1115 and 10-3-1116.

## II.
## Parties and Jurisdiction

2. Plaintiff Rooftop is a Colorado corporation which is in good standing. Rooftop is engaged in the construction business, and it specializes in roofing work.

EXHIBIT B

3. Defendant Travelers is a Connecticut corporation. It operates as an insurance company. Its principal place of business is located at One Tower Square, Hartford, CT 06183. Travelers does business in Colorado.

4. This matter involves a commercial insurance contract regarding real property located in Denver County, Colorado. Therefore, this Court has proper jurisdiction and venue.

## III.
## Factual Allegations

5. Travelers issued commercial insurance policy #Y-630-243X8367-TIL-19 ("Policy"), which covered Gates and Sons, Inc. ("Insured") and enumerated property at sixteen specific addresses within the City and County of Denver, Colorado ("Insured Property").

6. The Policy is a replacement cost value policy and covers loss to the Insured Property.

7. The Insured purchased coverage benefits from Travelers by making periodic payments called premiums.

8. In exchange for the premiums paid by the Insured, Travelers promised to perform according to the terms and provisions of the Policy.

9. Travelers owes duties with respect to its handling of any claim submitted pursuant to the Policy and C.R.S. §§ 10-3-1113, 10-3-1115, and 10-3-1116.

10. On or about May 28, 2019 a hail, wind, or other adverse storm occurred at the Insured Property in Denver, Colorado ("Storm Loss").

11. The Storm Loss was a covered loss under the Policy.

12. Rooftop and/or the Insured have filed a claim ("Claim") with Traveler's for the Storm Loss at the Insured Property.

13. The language of the Policy issued by Travelers made this event causing damage to the Insured Property a replacement cost event.

14. Travelers owes duties to ensure, all in a timely manner, that the Claim is properly investigated, properly adjusted, and properly paid.

15. On May 27, 2021, the Insured signed a Construction Contract ("Construction Contract") with its contractor, Rooftop. The Construction Contract assigns to Rooftop any and all of the Insured's insurance rights, benefits, and proceeds with respect to the Claim and the Storm Loss.

16. The Assignment Contract is valid and enforceable. See *Parrish Chiropractic Centers, P.C. v. Progressive Casualty Ins. Co.*, 874 P.2d 1049, 1053 (Colo. 1994); *Rooftop Restoration, Inc. v. Ohio Sec. Ins. Co.*, 2015 WL 9185679, at *3 (D. Colo. Dec. 17, 2015); *Kyle W. Larson Enterprises, Inc. v. Allstate Ins. Co.*, 305 P.3d 409 (Colo. 2012).

17. As a result of the Construction Contract, the contractor, Rooftop, effectively "stepped into the shoes" of the Insured with respect to the claims against Travelers which arise out of the Storm Loss and the Claim. Therefore, Travelers owes Rooftop all of the duties set forth above with respect to the Storm Loss and the Claim.

18. On May 27 and 28, 2021, Rooftop sent Travelers information regarding the Claim.

## IV.
## First Claim for Relief
(Breach of Contract)

19. Plaintiff incorporates the allegations contained in paragraphs one through eighteen above as if fully set forth herein.

20. As set forth above, the Policy is an enforceable contract for insurance covering the losses alleged herein.

21. The Insured and Rooftop fully complied with all the provisions of the Policy.

22. All conditions precedent have been waived or are excused.

23. Travelers has breached the Policy as follows:

    (a) Travelers failed to treat the policyholder's interests with equal regard as it does its own interest;

    (b) Travelers failed to properly assist the policyholder with the Claim;

    (c) Travelers failed to fully, fairly, and promptly evaluate and adjust the Claim; and

    (d) Travelers unreasonably delayed the handling of the Claim.

24. Travelers's actions constitute a breach of the insurance contract and is a breach of the reasonable expectations concerning the coverage to be provided under the Policy.

25. Travelers's breach of the Policy caused the Insured and Rooftop to suffer damages.

26. As a result of Travelers's breaches of the Policy, it is liable to Rooftop, the assignee of the Insured's claims, for damages, including the amount owed pursuant the Claim and the Policy, together with pre-judgment interest at the highest rate allowed by law, its reasonable attorney fees as allowed by law, and costs allowed by law.

## V.
## Second Claim for Relief
(Statutory Violation)

27. Plaintiff incorporates the allegations contained in the paragraph one through twenty-six above as if fully set forth herein.

28. The Insured suffered a loss covered by the Policy and the Rooftop or the Insured submitted the Claim to Travelers.

29. As set forth in paragraph twenty-three above, Travelers breached the Policy.

30. Travelers has not conducted a proper or complete investigation of the Storm Loss thereby damaging the Insured and Plaintiff by delaying and/or denying benefits owed pursuant to the Policy.

31. Travelers has delayed and/or denied payment of covered benefits without a reasonable basis for its actions.

32. Travelers has misrepresented pertinent facts and insurance policy provisions relating to coverages at issue, specifically the applicable limitations on actions against it.

33. Travelers has failed to acknowledge and act reasonably promptly under the circumstances upon communications from Rooftop with respect to the Claim arising under the policy.

34. Travelers violated C.R.S. § 10-3-1115, and it is liable to Plaintiff for damages and relief pursuant to C.R.S. § 10-3-1116.

35. Plaintiff is therefore entitled to two times the covered benefit, reasonable attorney fees and costs pursuant to C.R.S. § 10-3-1116, together with pre-judgment interest at the highest rate allowed by law.

## VI.
## Jury Demand

Plaintiff demands a trial by jury on all claims so triable.

## VII.
## Prayer for Relief

WHEREFORE, Plaintiff asks that this Court enter judgment in its favor and against Travelers on its claims for relief as follows:

    (a) Damages due to Travelers's breach of the Policy;

    (b) Two times the amount of all covered benefits under the Policy;

(c) Costs, expert witness fees, and reasonable attorney fees incurred in prosecuting the claims against Travelers;

(d) Pre- and post-judgment interest; and

(e) For such other and further relief as this Court may deem just.

Respectfully submitted this 28th day of May, 2021.

ATLAS LAW FIRM, P.C.

/s/ Edward Levy

Edward Levy, #36090
One Cherry Center, Suite 1100
501 South Cherry Street
Denver, Colorado 80246

Plaintiff's Address:
945 Allison Street
Lakewood, Co 80214