IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge R. Brooke Jackson

Civil Action No.  21-cv-02265-RBJ

ROOFTOP RESTORATION & EXTERIORS, INC., a Colorado Corp.,

      Plaintiff,

v.

TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, a  Connecticut
Corporation,

      Defendant.

---

## ORDER

---

      Plaintiff moved to dismiss this insurance coverage case without prejudice but later has

moved to withdraw its motion to dismiss.  Defendant requests that the case be dismissed with

prejudice.  For the reasons discussed herein, plaintiff's motion to withdraw its motion to dismiss

is GRANTED; plaintiff's second motion to amend its complaint is GRANTED; but the Court

orders plaintiff to pay certain costs and fees incurred by the defendant as a sanction for a

violation of Rule 11(a) of the Colorado Rules of Civil Procedure and, alternatively, as a

condition of granting the motion to withdraw the motion to dismiss.

### BACKGROUND

      Rooftop Restoration &: Exteriors, Inc. ("Rooftop") is a roofing company.  According to

testimony at a hearing on November 18, 2021, Phillip Coutu is its manager and principal.[1]

---

[1] A certified transcript of the hearing has not been prepared.  The Court bases its findings on a rough draft
transcript provided by the reporter and its own notes and recollection.

Rooftop sometimes obtains assignments of insurance claims in exchange for its repair services, a practice that was approved in *Rooftop Restoration, Inc. v. Ohio Security Ins. Co.,* No. 15-cv-00620-LTB-KTM, 2015 WL 9185679 (D. Colo. Dec. 17, 2015).  Rooftop has become an experienced litigator in addition to being an experienced roofer.  I have found in the district's record eight cases, including the present case, filed by Rooftop in state court and removed to this court in which Rooftop took an assignment of a property owner's insurance claim and sued the insurer for breach of contract and sought two times the insurance benefit plus attorney's fees pursuant to Colo. Rev. Stat. §§ 10-3-1115 and 10-3-1116.

The present case concerns property damage to property owned by Gates & Sons.  On March 5, 2021, Mr. Coutu received a call from a gentleman named John Deal who is a representative of Duro-Last, a membrane used in roofing work.  Mr. Deal told Mr. Coutu that he had been inspecting past jobs, including roofing work that was done by Rooftop at the Gates property in the past, and he found "some kind of damage" to the roofs on the buildings there. Mr. Coutu gained access to the Gates roofs near the end of April 2021 and saw damage to the fastener plates.  He accessed the roof again in May and discovered hairline fractures in the roof's surface.

Mr. Coutu then learned from one of the weather services that there had been a hailstorm in the area of the property on May 28, 2019, that included inch and a half hail.  On or about May 26, 2021, he contacted a Gates representative and told him about the damage to the roof that he had found.  He also told the Gates representative that "we need to get a[n] [insurance] claim filed," because a two-year limitations period was about to expire.  On May 27, 2021, Mr. Coutu obtained an assignment of Gates' potential insurance claim against its property insurer,

Travelers.  On the same day Mr. Coutu notified Travelers of the Gates' claim as assigned to Rooftop.

On May 28, 2021, one day after notifying Travelers of the insurance claim, Rooftop, represented by attorney Edward Levy, filed this lawsuit in state court.  Plaintiff's First Claim in its complaint, sounding in breach of contract, alleged among other things that Travelers had failed to treat the policyholder's interests with equal regard as to its own interest; that Travelers failed to properly assist the policyholder with the claim; that Travelers failed to fully, fairly, and promptly evaluate and adjust the claim; and that Travelers unreasonably delayed the handling of the claim.  ECF No. 7 at 3, ¶23.  I find that none of these allegations was true at the time, nor could these allegations reasonably have been believed to be true when the allegations were made.  Travelers had been notified of the claim only the day before the suit was filed and had not had anything close to enough time to evaluate the claim.

In its Second Claim plaintiff incorporated the allegations from the First Claim and further alleged that Travelers had not conducted a proper or complete investigation of the loss; that Travelers had unreasonably delayed or denied the covered benefits; that Travelers had misrepresented pertinent facts and insurance policy provisions; and that Travelers had failed to acknowledge and act reasonably promptly under the circumstances.  Again, I find that none of these allegations was true at the time or could reasonably have been believed to be true because Travelers only received notice of the claim the day before the suit was filed.  Nevertheless, plaintiff alleged that it was entitled to the claimed insurance benefit plus two times the benefit plus attorney's fees, costs, and interest under Colo. Rev. Stat. §§ 10-3-1115 and 10-3-1116 because of Traveler's supposed misconduct.  *Id.* at 4, ¶¶30-35.

Rooftop did not serve the complaint on Travelers until July 30, 2021.  Travelers removed the case to this Court on diversity of citizenship grounds on August 20, 2021 and filed an Answer on August 27, 2021.  In its Answer Travelers denied the above-referenced allegations and stated that plaintiff did not allow Travelers sufficient time to conduct a proper or complete investigation prior to filing suit.  ECF No. 13, ¶30.

Travelers also wanted to file a motion for judgment on the pleadings based on the foregoing problems with the complaint.  However, this Court has a practice standard concerning dispositive motions requiring the attorney for the prospective moving party to confer with opposing counsel and discuss the issues that will support the motion.  Assuming that an agreement that would avoid the motion is not reached, the attorney must file a letter of intent that informs the Court of the basis for his client's prospective motion.  The opposing party has an opportunity to file a responsive letter.  The Court then advises the parties as to whether a motion to dismiss appears to be worthwhile.  The Court cannot preclude the filing of a dispositive motion, but the intent is to discourage motions that appear to have little likelihood of success or to suggest a narrowing of the issues to be raised.  It is an effort to reduce expensive but futile motion practice.

Accordingly, defendant's counsel contacted Mr. Levy to express his concerns but learned that Mr. Levy intended to withdraw from representing Rooftop.  Travelers filed its letter of intent to move for judgment on the pleadings on September 15, 2021.  ECF No. 18.  On the same day Mr. Levy filed a motion to withdraw, stating that Rooftop had terminated his representation two days earlier, and that there were other causes for withdrawal involving communications that

could not be disclosed due to the attorney-client privilege.  ECF No. 17.  On September 16, 2021 the Court granted Mr. Levy's motion to withdraw.

On September 22, 2021 new counsel, Keith Evan Frankl, entered his appearance for the plaintiff and filed a response to defendant's letter of intent.  ECF No. 21.  Among other things he indicated that plaintiff would be filing a motion to dismiss the case without prejudice; that defense counsel had indicated that Travelers would agree to dismissal with prejudice but not without prejudice; and that plaintiff was concerned about a policy term providing that a lawsuit could only be filed within two years after the date of loss when it filed this lawsuit.

As promised, Mr. Frankl filed a motion to dismiss the case without prejudice on September 23, 2021.  The motion indicated that representatives of plaintiff and Travelers had met at the property, that Travelers had agreed that there were some covered losses, and that following dismissal without prejudice the parties might reach an agreement on the amount and scope of the loss or trigger the appraisal clause in the policy.  It also mentioned that before filing the lawsuit plaintiff had proposed a tolling agreement, but Travelers did not agree.

The Court held a hearing on plaintiff's motion to dismiss without prejudice on November 18, 2021.  The Court expressed its concern about plaintiff's having filed a pleading that contained allegations that were known not to be true.  However, the Court did not determine whether the case should be dismissed without prejudice, and if so, on what terms, because the attorney who had signed and filed the complaint, Mr. Levy, was not present at the hearing and therefore was unable to explain or defend his having done so.

Instead, the Court issued an order requiring attorney Edward Levy and Rooftop to show cause as to why sanctions of some kind should not be imposed on either or both of them under

Rule 11 of the Federal Rules of Civil Procedure and/or 28 U.S.C. § 1927 for filing a pleading

containing the allegations that are referenced in this order.  ECF No. 28.

In its response Rooftop stated that Fed. R. Civ. P. 11 and 28 U.S.C. § 1927 do not apply

to the filing of a complaint in state court.  ECF No. 37 at 1.  Despite that, Rooftop invoked the

"safe harbor" provision of Fed. R. Civ. P. 11(c)(2), claiming that it means that a plaintiff is

immune from being sanctioned if a pleading is withdrawn or corrected within 21 days.  *Id.* at 2.[2]

It argued that plaintiff's motion to dismiss the complaint without prejudice, filed one week after

the defendant filed its notice of intent to file a motion for judgment on the pleadings, entitled

plaintiff to claim the safe harbor protection.

The response added that Rooftop had proposed a tolling agreement before filing the

lawsuit.  An email attached to the response shows that the tolling agreement was proposed at

11:32 a.m. on May 28, 2021, though it refers to a telephone conversation concerning a tolling

agreement that had occurred shortly before the email was sent.  ECF No. 37-1.  The response

states that acceptance of the tolling agreement would have eliminated the need to file the lawsuit,

which was filed the same day.  The response also refers to paragraph 23 of the complaint which,

as characterized in the response, alleges that defendant failed to assist plaintiff with the claim. [3]

It implies that defendant's failure to accept the tolling agreement when presented made at least

---

[2] What the rule actually provides is that a motion for sanctions "must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Fed. R. Civ. P. 11(c)(2).

[3] Paragraph 23(b) of the Complaint states, "Travelers has breached the Policy as follows: . . . (b) Travelers failed to *properly* assist the policyholder with the Claim."  ECF No. 23 (emphasis added). Traveler's failure to agree to a last-minute request for a tolling agreement is not a failure "properly" to assist the policyholder in my view; but even if it were, this response addresses only one of the many false allegations.

the failure-to-assist allegation in the complaint true.  ECF No. 37 at 2-3.  The response does not

acknowledge any fault or display any remorse for the fact that Rooftop's state court complaint

contained numerous false allegations.

On the same day that Rooftop filed its response to the order to show cause, relying in part

on its having filed the motion to dismiss without prejudice, Rooftop filed a motion requesting

permission to withdraw that very motion to dismiss.  ECF No. 38.  The motion does not clearly

indicate why Rooftop wanted to withdraw the motion to dismiss, but implicitly it was because in

the same motion Rooftop sought leave to amend its complaint "to reflect the events of June 2021

through the present."  *Id.*, ¶11.  The motion states that shortly after the hearing on plaintiff's

motion to dismiss Travelers formally denied the insurance claim in a letter to its insured, Gates

& Sons, Inc.  *See* ECF No. 38-1.  The denial letter indicated that when Travelers inspected the

roofs on June 29, 2021, in response to Rooftop's notice of its insurance claim, Travelers

discovered that work Mr. Coutu had done on the roof in the past, for which Travelers had paid,

had not in fact been performed as represented.  Travelers therefore denied the present claim

"[b]ased on these facts and review of the policy."  *Id.*

The proposed amended complaint deletes the allegations of the original complaint that

were the subject of the Court's order to show cause, adds numerous allegations that purport to

explain and excuse the allegations in the original complaint, adds other allegations that purport to

address Traveler's statements in its November 24, 2021 denial letter, and reasserts claims of

breach of contract and unreasonable delay and denial of an insurance benefit.  *See* ECF No. 38-6

(redlined version).

Mr. Levy also filed a response to the Court's show cause order.  ECF No. 39.  He reports that he was contacted by Rooftop on May 26, 2021 at 11:02 a.m.  He was engaged on May 27, 2021 at 2:50 p.m.  He reviewed the insurance policy and found that it requires suits to be brought within two years after the damage occurred, meaning two years after May 28, 2019.  He learned on May 28, 2021 that Travelers had refused to enter into a tolling agreement.  Therefore, "Travelers forced Rooftop to commence this litigation to protect its interests." *Id.* at 3.  His response states that when he prepared the complaint, he anticipated that Travelers would deny the claim, and that discovery might establish that the anticipated denial was "predetermined." *Id.* at 1.  Remarkably, he asserts that the allegations in the complaint "had evidentiary support and are well grounded in fact." *Id.* at 2, 4-5.  Further, he says, they were validated by Travelers' ultimate denial of the claim. *Id.*  In any event, because the complaint was filed in state court, he contends that sanctions by this Court would be inappropriate. *Id.* at 2, 7-8.

On February 9, 2021 Travelers filed a response to plaintiff's motion to withdraw its motions to dismiss and to amend its complaint, labeling this "a blatant attempt to erase the baseless allegations contained in its Original Complaint and to replace them with factual allegations that arose <u>after</u> the Original Complaint was filed." ECF No. 40 at 3.  Travelers opposes the motion to amend on multiple grounds including futility.  The response does not, however, address whether the Court can deny or impose conditions on the motion to withdraw its earlier motion to dismiss without prejudice.  It simply asks the Court to dismiss the case with prejudice. *Id.* at 11.

On February 22, 2022 Rooftop filed another motion to amend its complaint, basically to address a Travelers claim in opposing the first motion to amend that plaintiff or the insured failed to provide prompt notice of the claim.  ECF No. 41.  No response has been filed to date.

## FINDINGS AND CONCLUSIONS

At the outset I agree with plaintiff that Federal Rule of Civil Procedure 11 does not apply to a complaint filed in state court.  The Tenth Circuit made that clear in *Griffen v. City of Oklahoma City,* 3 F.3d 336, 339-40 (10th Cir. 1993).  To the extent that the Court ordered plaintiff and attorney Levy to show cause why the filing of the state court complaint did not violate that rule, the order is discharged.

However, *Griffen* also states that the federal court may apply a state-law counterpart to Federal Rule 11 to a pleading filed in state court prior to removal.  *Id.* at 341.  Colorado Rule of Civil Procedure 11 is similar to its federal counterpart.  It provides, in pertinent part, that

> [t]he signature of an attorney constitutes a certificate by him that he has read the pleading; that to the best of his knowledge, information and belief formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

Colo. R. Civ. P. 11(a).

The rule further provides that "[i]f a pleading is signed in violation of this Rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, including a reasonable attorney's fee . . . ."  *Id.*  However, "[r]easonable expenses, including a reasonable attorney's fee, shall not be assessed if, after filing, a voluntary dismissal or

withdrawal is filed as to any claim, action or defense, within a reasonable time after the attorney or party knew, or reasonably should have known, that he would not prevail on said claim, action, or defense."

The state complaint was signed and filed by attorney Edward Levy.  It contained several allegations that were not true; that were not well grounded in fact when they were made; and that were not and could not have been "formed after reasonable inquiry."  Whether or not later events show that, after having a reasonable opportunity to investigate, Travelers then breached the contract or unreasonable delayed or denied the claim, Mr. Levy's signature on the complaint was his certificate that that "to the best of his knowledge, information and belief formed after reasonable inquiry, it is well grounded in fact."  Simply put, his certificate was false.

The various attempts to excuse the misconduct fall flat.  Perhaps he suspected, for reasons he has not disclosed to this Court, that Travelers would deny the claim or act in bad faith even after it had a reasonable opportunity to investigate.  That is not an excuse for signing and filing a complaint containing multiple allegations that had no basis in fact at the time.  He notes that Travelers refused to agree to a tolling agreement (that was presented on the day the complaint was filed).  That is not a reason to make false allegations in a complaint.  He did not cause the complaint to be served, but that too is not an excuse.  It was the signing and filing of the complaint that commenced the case and violated Rule 11.

I understand that Mr. Levy was in a bind in that his client had just informed him of the alleged property damage, and that he feared that the limitations period set forth in the insurance policy might bar the claim if suit was not filed immediately.  Therefore, I would not fault Mr. Levy if he had filed a complaint that truthfully stated that it was being filed to avoid a potential

limitations problem; that there was at least a possibility that a breach of contract or even an unreasonable delay or denial claim could be appropriate once Travelers had an opportunity to investigate the claim; and that the suit would either be dismissed or amended depending upon the results of Travelers' and his further investigation.  Indeed, I would expect an attorney to do something along those lines to protect his client.  But that cannot justify the signing and filing a complaint containing specific factual allegations that were known to be untrue at the time.  The facts that Mr. Levy stated in his response to the Court's show cause order that the allegations in the complaint "had evidentiary support and are well grounded in fact" simply compound the violation, in my view.

The state rule makes the imposition of an appropriate sanction on the offending attorney, the represented party, or both, mandatory.  But it also has its own form of a safe harbor provision.  The sanction cannot include an assessment of costs and attorney's fees if the offending claims are dismissed or withdrawn within a reasonable time after the attorney or party knows, or reasonably should know, that the party would not prevail on the claims.  Mr. Levy did not seek dismissal or withdrawal of the original complaint or the false allegations in it.  However, he sought leave to withdraw because the client terminated his representation, and because there were other reasons for withdrawal that he could not disclose.  The represented party's successor lawyer, Mr. Frankel, did move to dismiss the case shortly after Mr. Levy's withdrawal and Travelers' filing of its letter of intent.  In those circumstances I will give Mr. Levy the benefit of the doubt and apply the safe harbor to him vis-a-vis any assessment of costs or fees, despite his doubling down in his response to this Court's order to show cause.  I am satisfied that a federal court's finding, as I do here, that Mr. Levy violated Rule 11 is itself a

sanction, and I conclude that it is a sufficient sanction in the circumstances.  I also discharge the order to show cause insofar as it cited 18 U.S.C. § 1927.  Given Mr. Levy's early withdrawal, I cannot find that he multiplied the proceedings once they arrived in federal court "unreasonably and vexatiously."

I do not, however, reach the same conclusion as to Rooftop.  Whatever benefit it might otherwise have gained from its motion to dismiss without prejudice is nullified by its motion to withdraw the motion to dismiss.  The effect of what it now proposes is that its counsel could file a complaint on Rooftop's behalf that contains false allegations — allegations that Mr. Coutu as well as Mr. Levy knew were false — and then escape any consequence by filing an amended complaint months later based on events that took place after the original complaint was filed. That does not work.

I will assume that plaintiff has a right to withdraw its motion voluntarily to dismiss its complaint.  It is not clear whether the Court's authority to condition a voluntary dismissal "on terms that the court considers proper," Fed. R. Civ. P. 41(a), gives the Court authority to condition a withdrawal of the motion to dismiss on terms that it considers proper.  *Compare, e.g., Conley v. Aetna Life Ins. Co.,* 213 F.3d 635*(Table),* 2000 WL 554056, at *3 (5th Cir. April 11, 2000) (a court may attach conditions to the withdrawal of a motion to dismiss without prejudice to protect the interest of the defendant) *with Lau v. Glendora Unified School Dist.,* 792 F.2d 929, 930 (9th Cir. 1986) (a plaintiff may refuse voluntary dismissal if the conditions imposed by the court are too onerous).  That issue has not been fully briefed.

What is clear, however, is that in the circumstances of this case, permitting Rooftop to avoid any consequence for its behavior would be unfair to the defendant and would set a very

bad precedent.  Accordingly, I find and conclude that a costs and attorney's fees sanction is appropriate for either or both of the following reasons:

First, an award of costs and attorney's fees is an appropriate sanction for the violation of Colorado Rule of Civil Procedure 11(a).  The rule requires the imposition of a sanction on the offending lawyer, the represented party, or both.  As I have said, it was obvious to Mr. Coutu that there was no valid basis for including the subject allegations in the original complaint.  He knew very well that Travelers had no reasonable opportunity to conduct any investigation or to take any position on his notice of claim, but he permitted a lawsuit to be filed by his company containing numerous allegations about Travelers' conduct that were plainly false.  Mr. Coutu's substantial experience in having his company prosecute breach of insurance contract and unreasonable delay or denial claims makes this situation more egregious.  Rooftop's response to the Court's order to show cause, which displays no remorse for or understanding of the impropriety of filing a complaint containing multiple false allegations, makes the offending conduct even more egregious.  Because plaintiff is withdrawing its motion to voluntarily dismiss the case, I find and conclude that the safe harbor provision of the state rule does not apply. Indeed, defendant has been put to the time and expense of bringing the problems with the original complaint to the Court's attention, reacting to plaintiff's motion to dismiss, appearing at a hearing, reviewing the responses to the order to show cause, etc., only to have plaintiff change course and seek to withdraw the motion for voluntary dismissal upon which defendant had been relying.

Alternatively, the Court would impose the same conditions upon plaintiff's withdrawal of its motion for voluntary dismissal in the context of the circumstances of this case.  Conditioning

a motion to withdraw a motion to dismiss has not been fully briefed, and I have not found
through my own research any Tenth Circuit law on point.  Thus, I acknowledge that this
alternative basis for the condition/sanction may or may not be within the Court's discretion,
although if there were ever a case where such an action would be appropriate, this is the case.

**ORDER**

1.  ECF No. 22, plaintiff's motion to voluntarily dismiss the case, is withdrawn.

2.  ECF No. 38, plaintiff's motion to withdraw the motion to dismiss, joined with
plaintiff's motion to amend its complaint, is GRANTED IN PART AND MOOT IN PART.  It is
granted to the extent that the Court has granted leave to withdraw.  It is moot to the extent that
plaintiff seeks leave to amend its complaint, because that motion has been superseded by a later
motion to amend.

3.  ECF No. 41, plaintiff's second motion to amend, is GRANTED.  The Court deems
document ECF No. 41-2, to be plaintiff's Amended Complaint, and it is accepted for filing.

4.  The Court orders Rooftop to reimburse Travelers for its reasonable costs and
attorney's fees beginning with the preparation and filing of its letter of intent (ECF No. 21) and
continuing through the preparation and filing of its response to plaintiff's motion to withdraw
(ECF No. 40).  The fees and costs are to be paid within 30 days after defendant submits its
itemized billing records to the plaintiff (pre-reviewed by defense counsel to eliminate duplicative
or inefficient time and to redact on a limited basis, if necessary, privileged information).  If
plaintiff disputes the reasonableness of the claimed costs and fees within the 30-day period, and
counsel cannot resolve the dispute by conferral, then instead of paying the costs and fees plaintiff
may set the dispute for an evidentiary hearing.  The Court might award additional costs and fees

incurred in preparing for and attending such a hearing, depending upon its finding as to the reasonableness of either party's position concerning the amount of costs and fees.

4.  The Court's order to show cause, ECF No. 28, which was couched in terms of Federal Rule 11 and 18 U.S.C. § 1927 is discharged.

DATED this 1st day of March, 2022.

BY THE COURT:

R. Brooke Jackson
Senior United States District Judge